VOGELEY *v.* NOEL and another.

*(Circuit Court, S. D. New York. January 3, 1884.)*

PATENTS FOR INVENTIONS—ANTICIPATIONS—INDEFINITE DESCRIPTION.

Patent No. 184,933, dated November 28, 1876, granted to Alexander Vogeley for an improvement in apparatus for beveling glass plates, and consisting of a truck moving by hand on ways of proper height, carrying an adjustable table for holding the plate at desired angles against the grinding wheel, was not anticipated by the French patents of Remongin & Jesson, No. 60,174, dated September 18, 1863, and of Jaubert, No. 94,457, dated March 7, 1872, nor is such patent void for want of explanation of the principle of the apparatus, and the best mode of applying it.

In Equity.

*E. Bartlett*, for orator.

*C. Wyllis Betts*, for defendants.

WHEELER, J. This suit is brought upon letters patent No. 184,933, dated November 28, 1876, granted to the orator for an improvement in apparatus for beveling glass plates. The defenses are want of novelty, and want of explanation of the principle of the apparatus, and the best mode contemplated of applying it. The apparatus consists of a truck moving by hand on ways on a frame of proper height, carrying an adjustable table for holding the plate at desired angles against the grinding wheel. The anticipation relied upon to show lack of novelty are several patents, French, English, and American, the most prominent of which, for this purpose, are the French patent of Remongin & Jesson, No. 60,174, dated September 18, 1863, and that of Jaubert, No. 94,457, dated March 7, 1872. The former is for mechanism for adjusting the grinding wheels to the plate; and the latter is for a truck moved by machinery on ways on the floor carrying an adjustable table similar to the orator's. The former does not accomplish the same result in the same way as the orator, and leaves his invention good for his way, even if the way shown in that patent was practicable, which does not very satisfactorily appear. The testimony shows clearly that the successful beveling of these plates on grinding wheels requires that the plate in its motions should

be under the control, by the hand, of the operator, and that no automatic control is the equivalent of this manipulation by the operator for this purpose. The apparatus of Jaubert's patent does not, therefore, do the same thing by the same, or substantially the same, means as the apparatus of the orator, even if it will do it at all with practical success, which on the proof is doubtful. And if Jaubert's machine was detached from the power it would not be operative, as constructed, by hand. The other patents are for machines for working wood or stone automatically, and are not any more nearly adapted to this purpose than the contrivances of these that are mentioned particularly. None of them are taken for this purpose in this art; the defendants and others in this business are not content to use these former patented devices, but prefer the orator's. This fact is evidence of the superiority of his. And as to these foreign patents, it might be remarked that this patent was granted under the act of 1870, (16 St. at Large, p. 201, § 25,) which provides that no person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application, (Rev. St. § 4887,) and that there is no evidence of such introduction into public use during that time anywhere. As to the other point, it is to be noticed that the patent is merely for the apparatus for applying the plate of glass to the grinding wheel. The drawing shows a grinding wheel properly arranged for doing some, but rare kinds, of work. None arranged for the usual work, or in the best manner, is shown. Still it appears that a person skilled in this art would readily apply the patented apparatus to any kind of wheel. This would seem to be sufficient. *Loom Co.* v. *Higgins*, 105 U. S. 580. There is really no question about infringement.

Let there be a decree for an injunction and an account, according to the prayer of the bill, with costs.